UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHARLES K. BRELAND, JR.,

CASE NO. 16-2272-JCO

Debtor.

---

BILLY C. MERCHANT,

ADVERSARY NO.: 25-01004

Plaintiff,

v.

CHARLES K. BRELAND, JR. and
FLORENCIA DEVELOPMENT, INC.,

Defendants.

**<u>MEMORANDUM ORDER AND OPINION</u>**

The above-styled Adversary Proceeding came before the Court for hearing on the Motion to Dismiss Complaint, or, in the Alternative, Motion For Abstention filed by Charles K. Breland Jr. and Florencia Development Inc., the Joinder therein by the Chapter 11 Trustee, A. Richard Maples, and the Response of Plaintiff, Billy C. Merchant. (AP docs. 6, 13, 14). Proper notice of hearing was given and appearances were noted on the record. Upon consideration of the pleadings, the record, and the arguments of counsel, this Court finds good and reasonable grounds to dismiss this Adversary Proceeding for the reasons below.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Order of Reference of the District Court dated August 25, 2015.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Debtor, Charles K. Breland, ("Breland") filed the above-styled Chapter 11 bankruptcy on July 8, 2016 (the "Petition Date"). On the Petition Date, Breland's interests in numerous entities including Florencia Development Inc. ("Florencia") became property of the Bankruptcy Estate. (Doc. 42; 11 U.S.C.§541). Florencia developed a condominium in Escambia County, Florida, known as the Florencia Condominium, and held an interest in certain submerged land adjoining the Florencia Condominium. (AP doc. 6-1, Declaration of Charles K. Breland, Jr., Exhibit 1, ¶ 9.) A. Richard Maples, Jr. was appointed as the Chapter 11 Trustee for the Estate on May 3, 2017. (Doc. 391). On April 11, 2022, the Debtor and Trustee filed a Joint Plan of Reorganization (the "Plan"). (Doc. 2287). At the time there were disputed claims, adversary proceedings, and objections pending involving various creditors, including the Internal Revenue Service, Levada EF Five, LLC, and Hudgens & Associates, LLC. The Plan and subsequent related filings incorporated resolutions of disputed claims, required unsecured creditors to be paid in full on the Effective Date, and provided for revesting assets in the Debtor upon payment or other resolution of the outstanding claims of the Hudgens Creditors. (See docs. 2312, 2287 at 19).

Pursuant to the Confirmation Order entered on June 6, 2022: (1) administrative expense claims incurred after the Effective Date but before the Revesting of Assets in the Reorganized Debtor would be paid only upon application to and approval by the Court within that period; and

(2) the Trustee retained sole authority to act on behalf of each entity in which Breland directly or indirectly owned a controlling interest until the revesting. (*Id.* at p. 9, 16). Thereafter the claims of the Hudgens' Creditors were resolved and a Joint Motion To Approve Compromise ("Compromise") was filed by the Debtor, the Trustee, the Hudgens Creditors, and Levada. (Doc. 2635). The November 3, 2023 Order approving the Compromise states in part:

> All Estate assets will revest in the Debtor individually upon closing of the Settlement except for Unit 903 of the Florencia condominium complex in Perdido Key, Florida, including the boat slip assigned to Unit 903, one designated parking space in the garage below the complex, the carriage house assigned to Unit 903, and the furnishings in Unit 903 (the "Condo"). For clarity, artwork located in Unit 903 is not considered part of the furnishings and will revest in Debtor upon closing of the Settlement. Assets will revest free and clear of all liens, claims, and encumbrances, except as set forth herein (see paragraph 2.e below), in the Order approving the Settlement, and/or in the Order granting the Second Supplemental Application for Compensation as counsel for Debtor filed by McDowell Knight Roedder & Sledge, LLC ("McDowell The Trustee will initially and immediately list the Condo for sale at a price of $2.4 million. The Trustee will enter a listing agreement with Remax providing for a 5% commission to the listing agent. The Trustee will have full control over the marketing and sales process subject to the Debtor's input, and the Debtor shall cooperate in good faith with the Trustee, but the Debtor will not have the right to veto any sale. No further Court order will be required for the Trustee to engage a new listing agent, to change the list price, to sell the Condo,to pay the Levada debt referred to in subparagraph d. below at closing, or to pay any commission or other necessary and reasonable expenses of sale . . .
>
> Notwithstanding the foregoing, the Trustee's authority to sell the Condo is contingent upon a sale price which will yield proceeds sufficient to pay the amounts in paragraphs d(1) and d(2) below. (Doc. 2632) . . . Net proceeds after payment of necessary and reasonable expenses of sale of the Condo will be paid to satisfy remaining payments due under the Plan in the following order and priority: (1) at closing of the sale of the Condo, Levada will be paid directly from the closing agent $1,000,000.00 plus interest as set forth in Article IV.D.1 of the Plan and any post-default reasonable attorneys' fees subject to the $20,000 cap referenced in paragraph 2(b), above; next (2) unpaid administrative and professional expense claims; and next (3) unpaid fees of McDowell Knight . . .

(*Id.* at 2, 3).

Merchant was not a pre-petition creditor of Breland and did not assert any claims against the Bankruptcy Estate. His Adversary Complaint seeks to determine the validity, amount and

priority of liens, and request a declaratory judgment against Breland and Florencia based on a Joint Venture Agreement ("JVA") between Florencia and Merchant dated January 27, 2023, and alleged fraud by Breland. (AP Doc. 1-2). The JVA relates to funding by Merchant for the improvement of boat slips adjacent to the Florencia Condominium on Perdido Key in Escambia County, Florida. (AP doc. 11 at 4). Merchant did not seek court approval to enter into the JVA or file an application for an administrative expense claim in Breland's bankruptcy case. The four corners of the JVA do not reflect approval or execution by the Chapter 11 Trustee. Pursuant to the Confirmation Order, the Chapter 11 Trustee sold Florencia Condominium Unit 903 on or about June 26, 2025 and filed a Report of Remaining Assets indicating that the case administration is nearing completion and sufficient funds on hand to pay the remaining allowed claims in full. (Docs. 2677, 2693).

Florencia is a non-debtor Florida corporation. The JVA provides that it is governed by the laws of the State of Florida. In particular the JVA states in part that "[e]ach party hereby expressly consents to the personal jurisdiction of the state and federal courts located in the state of Florida for any lawsuit there against any party to this agreement . . . " (AP Doc. 1-2). Florencia alleges that it terminated the JVA on July 3, 2024, had previously attempted to remit the amount due to Merchant under the JVA, and that those funds are held in trust by counsel for Florencia, Mr. John H. Adams. (AP doc. 6 at 12-13).

## ANALYSIS

*It is Not Appropriate for this Court to Adjudicate the Claims in the Adversary Complaint*

Bankruptcy courts are courts of limited jurisdiction and must assess their authority to adjudicate matters brought before them. *28 U.S.C. §1134(b); 28 U.S.C. 157; In re Toledo*, 170 F.3d 1340 (11th Cir.1999) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d

403 (1995)); *In re Shortsleeve*, 349 B.R. 297 (Bankr. M.D. Ala. 2006). The district courts have original and exclusive jurisdiction of all cases under Title 11 and original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under Title 11. *28 U.S.C. §1334*. A proceeding "arising under" the Bankruptcy Code is "one based in a provision of the Bankruptcy Code itself. *In re Jimenez*, 627 B.R. 536, 540 (Bankr. S.D. Fla. 2021); *In re Brit. Am. Ins. Co. Ltd.*, 600 B.R. 890, 894 (Bankr. S.D. Fla. 2019)(citing *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)). The test for "related to" jurisdiction is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. *In re Lemco Gypsum*, 910 F .2d 784, 788 (11th Cir.1990). Congress did not intend for bankruptcy courts to hear matters just because a debtor is somehow involved. *In re Efron*, 535 B.R. 505, 511 (Bankr. D.P.R. 2014), aff'd, 529 B.R. 396 (B.A.P. 1st Cir. 2015).

Here, the allegations in the Adversary Complaint do not arise under the provisions of Title 11. Merchant's contention, that his claims are core proceedings under *28 U.S.C.§157*(b)(2)(A) and (K), is untenable as they do not concern the administration of the Estate or the validity, extent or priority of liens in Breland's *individual* bankruptcy case. Merchant's claims are essentially post-petition, post-confirmation, state-law claims based on alleged breach of the JVA by Florencia, a non-debtor, third party corporation. The state-law claims are not core proceedings because they do not involve substantive rights created by bankruptcy law. The fact that Breland holds an interest in Florencia is not sufficient for this Court to exercise jurisdiction over post-petition, post confirmation claims against a non-debtor. As noted above, Merchant is not a creditor in Breland's individual bankruptcy and Merchant entered into the JVA with Florencia, not Breland individually

or the Chapter 11 Trustee.[1] Further, and perhaps most importantly, Breland's individual Chapter 11 was confirmed on June 6, 2022, assets revested in Breland as provided in this Court's November 3, 2023 Order Approving the Compromise with the Hudgen's Creditors, and the administration of the Chapter 11 case is quickly approaching its conclusion with payment of all allowed claims in full. Thus, Merchant's JVA with Florencia and alleged post-petition dealings with Breland, without disclosure or Court approval, do not constitute a sufficient basis to disregard the provisions of the Confirmation Order, derail the present course of administration of the Bankruptcy Estate (which is nearing completion), or otherwise compel this Court to exercise jurisdiction over Merchant's claims arising from his contractual agreement with a non-debtor, third party.

*Permissive Abstention is Warranted*

The doctrine of permissive abstention allows bankruptcy courts to abstain from hearing a proceeding arising under title 11 or arising in or related to cases under title 11 in, "the interest of justice, or in the interest of comity with State courts or respect for State law." *28 U.S.C. §1334 (c)(1)*. Courts evaluating whether permissive abstention is appropriate have considered various factors including: (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. §1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state-law claims from core bankruptcy matters to allow judgments

[1] Although the Chapter 11 Trustee's acknowledgment or tacit approval of the JVA may be a point of contention, his signature is not on the JVA and at the hearing he disputed being a party to it.

to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *In re United Container LLC*, 284 B.R. 162, 176–77 (Bankr. S.D. Fla. 2002); see also, V*ision Bank v. Platinum Invs., LLC*, WL 2144547 (S.D. Ala. May 11, 2011)(citing, *Retirement Systems of Ala. v. Merrill Lynch & Co.*, 209 F.Supp.2d 1257 (M.D. Ala 2002); *St. Vincent's Hosp. v. Norrell* (*In re Norrell*), 198 B.R. 987 (Bankr.N.D.Ala.1996)). These factors are applied flexibly depending on their relevance and importance under the particular circumstances of each case. *Cassidy v. Wyeth–Ayerst Laboratories Div. of American Home Products Corp.,* 42 F.Supp.2d 1260, 1263 (M.D.Ala.1999)(citing *Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d 1184, 1189 (7th Cir.1993)).

Even if this Court had jurisdiction over Merchant's claims, permissive abstention is appropriate. A majority of the relevant factors set out in *United Container* support permissive abstention. As Breland's Chapter 11 proceeding has been pending since 2016, confirmation occurred in June 2022, property has revested in the Debtor, allowed claims have or will soon be paid in full, and the Chapter 11 administration is winding down. Post-confirmation, post-vesting, litigation, even if permissible, would impede the efficient completion of the administration of the bankruptcy estate. As Merchant's claims relate to alleged breach of a post-petition contract with a non-debtor entity and state law issues predominate, the state courts are well suited to handle such matters. Further, as Merchant is not a creditor in the individual Chapter 11, Breland did not execute the JVA in his individual capacity, and Merchant did not timely seek court approval of the JVA or request an administrative expense, his claims are outside the scope of the Chapter 11 plan administration. Thus, it is not efficient or appropriate for this Court to usurp the function of the

state court or unjustifiably entangle a non-debtor third party in bankruptcy court proceedings. Therefore, to the extent that this Court has or could seek to assert jurisdiction to adjudicate any of the issues set forth in Merchant's Adversary Complaint, it elects to permissively abstain from doing so in the interest of justice, judicial economy, and respect for state law.

## CONCLUSION

For the reasons above, this Cout finds that it is not appropriate for this Court to adjudicate claims the Adversary Complaint and permissive abstention is warranted. Therefore, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The above-styled Adversary Proceeding is DISMISSED.
2. This dismissal shall not be construed as an adjudication on the merits and Merchant retains the right to pursue his claims in the forum of appropriate jurisdiction.
3. Costs of this proceeding are taxed as paid.

Dated: August 6, 2025

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE